UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COMPLETE PRODUCTION SERVICES, INC. §<br>  *Plaintiff*, §<br> §<br>v. §<br> §<br>WEBVENTION LLC §<br>and WEBVENTION LICENSING, §<br>LLC, §<br>  *Defendants*. § | Civil Action No. 4:10-cv-4988<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Complete Production Services, Inc. ("CPS"), brings this action for declaratory judgment against Defendants, Webvention, LLC, and Webvention Licensing, LLC, and alleges as follows:

### PARTIES

1. Plaintiff, CPS, is a Delaware corporation having its principal place of business in Houston, Texas.

2. On information and belief, Defendant Webvention, LLC, is a Texas limited liability company having its principal place of business in Marshall, Texas. Webvention, LLC may be served with process by serving its registered agent for service in Texas, Capitol Corporate Services, Inc., 800 Brazos Street, Suite 400, Austin, Texas 78701.

3. On information and belief, Defendant Webvention Licensing, LLC ("Webvention Licensing"), is a Texas limited liability company having its principal place of business in Austin or Marshall, Texas. Webvention Licensing may be served with

1

process by serving its registered agent for service in Texas, Capitol Corporate Services, Inc., 800 Brazos Street, Suite 400, Austin, Texas 78701.

4.  On information and belief, Webvention, LLC and/or Webvention Licensing owns rights in, to or under U.S. Patent No. 5,251,294 ("the '294 patent") entitled "Accessing, Assembling, and Using Bodies of Information", which issued October 5, 1993.

## NATURE OF THIS ACTION

5.  This is an action for declaratory judgment, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, for non-infringement and invalidity of the '294 patent.

## JURISDICTION AND VENUE

6.  This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and under the patent laws of the United States, 35 U.S.C. § 1, et seq.

7.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1338(a), 2201(a) and 2202.

8.  This Court has personal jurisdiction over defendant, Webvention, LLC by virtue of its sufficient minimum contacts with this forum as a result of business conducted in the State of Texas and/or within this District.

9.  This Court has personal jurisdiction over defendant, Webvention Licensing, by virtue of its sufficient minimum contacts with this forum as a result of business conducted in the State of Texas and/or within this District.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c).

11.     An immediate, real, and justiciable controversy exists between Plaintiff, CPS, and Defendant(s), Webvention, LLC and/or Webvention Licensing, as to whether the '294 patent is valid or infringed by Plaintiff.

## FACTS

12.     Defendant, Webvention, LLC, claims to be the present owner of the '294 Patent.  The term of the '294 patent expired by on or about October 5, 2010.

13.     Defendant, Webvention Licensing, claims rights in or under the '294 Patent, including a right to sue for past infringement of the '294 Patent.

14.     Defendant(s), Webvention, LLC and/or Webvention Licensing, contend that Plaintiff, CPS, infringed one or more claims of the '294 Patent during the patent's term *via* one or more internet websites provided by CPS and utilized by its customers.

15.     On October 21, 2010, Mr. Todd Schmidt, acting on behalf of Webvention, LLC and/or Webvention Licensing, sent a letter to CPS, asserting infringement by CPS of the '294 Patent.

16.     The October 21, 2010 letter stated that Webvention, LLC is the owner of the '294 Patent.

17.     The October 21, 2010 letter stated that Webvention Licensing "reserves all rights to the '294 patent, including [] the right to seek damages anytime within the last six years that [CPS] started to make use of Webvention's patented technology...."

18.     On July 20, 2010, Webvention filed a lawsuit against nineteen companies alleging infringement of the '294 patent.  That case is *Webvention LLC v. Abercrombie & Fitch, Co., et al.*, Case No. 2:10-cv-253-TJW-CE ("Webvention lawsuit") and is pending in the Eastern District of Texas, Marshall Division.

19. CPS contends it did not infringe any valid claim of the '294 Patent, during the patent's term, and that Defendants, Webvention, LLC and Webvention Licensing, are entitled to no relief for any claim arising under or relating to any alleged rights in the '294 patent.

20. An actual controversy exists between CPS and Webvention with respect to whether CPS has infringed any valid claim of the '294 patent.

## COUNT 1:
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '294 PATENT

21. CPS re-alleges and incorporates by reference paragraphs 1-20 above, as if fully set forth herein.

22. Plaintiff alleges that one or more claims of the '294 patent encompasses subject matter which is ineligible for patenting, subject matter disclosed within a prior art reference, subject matter that would have been obvious to a person of ordinary skill in the art, or subject matter not described in the patent's application in the manner required by the patent statutes.

23. Plaintiff alleges that one or more claims of the '294 patent are invalid for failure to comply with the conditions for patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§101, 102, 103 and/or 112.

24. Additionally or alternatively, Plaintiff alleges that the '294 patent is invalid for the reasons set forth in the Request for Ex Parte Re-Examination of the '294 patent filed with the United States Patent and Trademark Office ("USPTO") and assigned control number 90/011,208 by the USPTO.

25. Additionally or alternatively, Plaintiff alleges that the '294 patent is invalid for the reasons set forth in the Request for Ex-Parte Re-Examination of the '294 patent filed on September 13, 2010 and assigned control number 90/011,229 by the USPTO.

26. A substantial controversy exists between Plaintiff and Defendant(s) of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that one or more claims of the '294 patent are invalid.

## COUNT 2:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '294 PATENT

27. CPS re-alleges and incorporates by reference paragraphs 1-26 above, as if fully set forth herein.

28. No internet website(s) provided by CPS and utilized by its customers, including, but not limited to, http://www.completeproduction.com, infringed, either directly or indirectly, any claim of the '294 patent under 35 U.S.C. § 271, during the patent's term.

29. A substantial controversy exists between Plaintiff and Defendant(s) of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that CPS has not infringed any claim of the '294 patent under 35 U.S.C. § 271.

## EXCEPTIONAL CASE

30. Plaintiff avers that this is an exceptional case, for which Plaintiff should be awarded costs, including attorney's fees, pursuant to 35 U.S.C. § 285.

## JURY DEMAND

31. Pursuant to Fed. R. Civ. P. 38, CPS demands a trial by jury of any and all issues so triable.

## **PRAYER**

WHEREFORE, CPS prays for judgment as follows:

A.    That the Court find and declare that the '294 patent has not been infringed by CPS or any customers using any CPS website;

B.    That the Court find and declare that one or more of the claims of the '294 patent are invalid;

C.    That judgment be entered in favor of CPS and against Webvention, LLC on each of CPS's claims;

D.    That judgment be entered in favor of CPS and against Webvention Licensing on each of CPS's claims;

E.    That the Court find this an exceptional case and award CPS its costs and attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

F.    That the Court grant CPS such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        /s Guy E. Matthews
        Guy E. Matthews (lead attorney)
        State Bar No. 13207000
        C. Vernon Lawson
        State Bar No. 12058150
        Timothy W. Johnson
        State Bar No. 24002366
        Matthew C. Juren
        State Bar No. 24065530
        Matthews, Lawson & Johnson, PLLC
        2000 Bering Drive, Suite 700
        Houston, Texas 77057
        (713) 355-4200 (Telephone)
        (713) 355-9689 (Facsimile)
        Email: gmatthews@matthewsfirm.com
                vlawson@matthewsfirm.com
                tjohnson@matthewsfirm.com
                mjuren@matthewsfirm.com

        **ATTORNEYS FOR PLAINTIFF**
        **COMPLETE PRODUCTION**
        **SERVICES, INC.**